Carpenter *v.* Gray.

---

## MARGARET CARPENTER

*v.*

## ALEXANDER GRAY, executor, et al.

1. A plea by an administrator setting up a settlement of his account in the orphans court, is no defence to a bill by a legatee praying discovery as to the character of the security in which her legacy is invested, and for such action in this court as will protect her interests therein.

2. A defendant cannot, by means of a cross-bill, litigate matters between himself and another defendant which are not the subject of the suit.

Bill for discovery &c. On motion to strike out parts of plea. On notice and stipulation of counsel.

*Mr. Howard Stanger*, for complainant.

*Mr. J. J. Crandall*, for Alexander Gray.

*Mr. W. J. Gibby*, for Abram S. Myrick, administrator.

THE CHANCELLOR.

The bill is filed by Mrs. Carpenter against the administrator of her deceased brother, John Gray, who was one of the executors of the will of her father, Alexander Gray, deceased, and her brother, Alexander Gray, who, at the filing of the bill, was one of the executors. It states that the testator died in April, 1873; that the will was proved by John and Alexander Gray; that under it she is entitled to a certain share of the residuum of the estate which was to be invested by the executors during her life, and the interest paid over to her; that in May, 1874, John and Alexander Gray, as such executors, filed their account in the surrogate's office of Middlesex county, wherein they admitted that they held in trust for her under the will $3,000; that in January, 1874, previously to the filing of the account, John Gray, without the consent of Alexander, lent that money to the banking firm of Brown & Gray, of Wilkesbarre, Pennsylvania, at first in his own name as lender, but afterwards in the names of both himself and Alexander, and subsequently withdrew it and invested it in some way unknown to the complainant; that after the filing of the account before mentioned John filed a separate account of the estate, in which he charged himself with the balance of the joint account, and charged himself with the $3,000 held in trust for the complainant; that he died in December, 1882, and the defendant Abram S. Myrick was appointed administrator of his estate, in which were the $3,000; that the complainant cannot obtain any account of the income or interest which has been received from the investment of the $3,000, or of the way in which that money is invested, has been applied or dis-

Carpenter *v.* Gray.

posed of; that Myrick refuses to come to an account with her or to give her the desired information in regard to the disposition of the fund; that in the lifetime of John Gray she applied to him and his co-executor, Alexander Gray, to invest the $3,000 on proper security for her, and that since John's death she has applied to his administrator to pay over the money, with the interest, to Alexander, and has requested the latter to obtain them from the administrator for her benefit under the will, but they have refused. The bill prays an account of the $3,000, and the investment, application or disposition thereof, and an account of the interest, and that the defendants (who are Myrick, administrator, and Alexander Gray) or one of them may be decreed to pay the interest to the complainant, and that the $3,000 and such share of the residue of her father's estate as she may appear to be entitled to, may be invested for her benefit by Alexander Gray, as surviving executor. There is also the general prayer.

The defendant Alexander Gray has answered, admitting all the matters stated in the bill, and he answers also by way of cross-bill, in substance, that John Gray denied him participation in the administration of their father's estate, and kept in his own possession or under his control all the property and assets, and that since John's death his administrator has refused to give them up to him, and he prays that Myrick, as administrator, may account to him for the $3,000 and interest, to the end that he may execute the trust under the will in regard thereto in favor of the complainant, and that Myrick may be decreed to deliver to him all the property and assets of the estate of the testator, Alexander Gray.

To the bill and the answer in the nature of a cross-bill, Myrick has pleaded. By the plea he pleads that before the beginning of this suit, and on the 22d of May, 1883, he duly settled the account of John Gray, trustee of the complainant under the will, in the orphans court of Middlesex county, and that on the 27th of March, 1882, that court, by an order which has never been vacated or modified, restrained Alexander Gray from acting as the executor of his father, and on the 7th of May, 1883, revoked

the letters testamentary issued to him on the will of his father, and removed him from the office of executor.

The complainant and Alexander Gray move to strike out the substantial parts of the plea. To consider the matter first with regard to the bill. The plea purports to be to the whole of the bill. But conceding that notwithstanding this, that part of it which sets up the settlement in the orphans court is a good defence *pro tanto* to the account prayed for, it is no defence whatever to the discovery, or to the claim of the complainant for such action of this court as may be proper to protect her legacy. As administrator of John Gray, Myrick holds the trust fund as he admits. The complainant has a clear right to know from him how it is invested, and to have the aid of this court, if necessary, by the appointment of a trustee, to protect the legacy and her interest therein. It manifestly is no answer to her claim to such discovery and relief, to say that the administrator's account of the trust fund was settled up to May 22d, 1883, and that Alexander Gray has been removed from his office of executor. Where a plea is to the whole of the bill, but does not extend to, or, in technical language, cover the whole, it is bad. *Beames's Pleas in Eq.* *42.* The plea, therefore, must, as to the bill, be overruled, with costs of the motion. It is unnecessary to consider the plea with reference to the answer in the nature of a cross-bill, for that answer itself cannot be sustained. The bill seeks the protection of the court for the interest of the complainant in a legacy under her father's will. Alexander Gray is made a defendant, because when the bill was filed March 21st, 1883, he was still an executor of the will. He answers, as before stated, admitting all the statements of the bill to be true, and himself, by the cross-bill, seeks to institute a litigation with the administrator of his late co-executor, to obtain a decree that the latter deliver to him, not only the complainant's legacy, but also the whole of the property and assets of the testator's estate. This cannot be sustained on the ground that it is necessary to his defence, for he has no defence and makes none whatever. Indeed, so far from making a defence, he is in entire accord with the complainant, for he not only admits the truth of all the statements of her bill, but in his

cross-bill prays the same relief for her against his codefendant which she prays for herself in her bill. A cross-bill should be confined to the matter contained in the original bill. The litigation of the claims of Alexander Gray to the possession of all the property and assets of his father's estate is not in anywise necessary to the decision of the complainant's claim to relief, or to enable the court to grant her such relief effectually and completely, if she should appear to be entitled to it.

Alexander Gray, by the cross-bill, seeks to engraft on this litigation another one between himself and his brother's administrator in regard to other matters than those which are the subject of this suit. The answer in the nature of a cross-bill, and the plea to it, must be struck out. There will be no costs of this motion, however, either to or against Alexander Gray.